**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| Eugene E. Stewart, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 05-855-PHX RCB |
| | ) | |
| Vs. | ) | O R D E R |
| | ) | |
| The Red Roof Inns, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 31, 2005, Plaintiff Eugene E. Stewart, filed a Notice of Removal of this matter from the Superior Court of Arizona in Maricopa County ("Superior Court"). (doc. 1). On April 4, 2005, Defendants filed a motion to dismiss this case and an objection to Plaintiff's Notice of Removal. (docs. 6, 7). Defendants assert in their motion to dismiss that (1) this case has already been dismissed with prejudice by the Superior Court; and (2) that such dismissal is *res judicata* to the filing of this case. Motion (doc. 6) at 1. Plaintiff did not file a response to Defendants' Motion to Dismiss.

. . .

**I. Background Facts**

Plaintiff previously filed a Complaint in the Superior Court of Arizona in Maricopa County. Such Complaint was identical in substance to the allegations in this lawsuit. During the course of litigation in the Superior Court lawsuit, Uniform Interrogatories were propounded on the Plaintiff and Plaintiff's deposition was noticed. Plaintiff refused to provide answers to interrogatories, discovery responses, or appear at a deposition. As a result, Defendants filed a motion to compel, and the Honorable Peter Reinstein signed an order compelling Plaintiff to provide discovery responses and participate in a deposition. After Plaintiff failed to follow the court's order, Defendants filed a motion to dismiss, and Judge Reinstein entered an order dismissing Plaintiff's Complaint with prejudice. Thereafter, Plaintiff filed a motion for reconsideration, which was subsequently denied by the Honorable Pendleton Gaines. Plaintiff then filed a notice of removal and a complaint in this Court. Notice of Removal (doc. 1); Amend. Complt. (doc. 2).

**II. Jurisdiction of this Court**

Due to the <u>Rooker-Feldman</u> doctrine, this Court does not have jurisdiction to entertain this case. This doctrine generally prevents review of state court judgments by inferior federal tribunals. <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). In <u>Feldman</u>, the plaintiff sought to challenge in federal district court a decision rendered in the District of Columbia Court of Appeals. <u>Id.</u> at 468. The District of Columbia Court of Appeals refused to grant the plaintiff a waiver of a certain bar admission rule. <u>Id.</u> The plaintiff, in his federal district court action,

1  sought to challenge (1) the constitutionality of the bar admissions
2  rule itself, and (2) the court's decision denying waiver. Id. at
3  468-69. The Court held that the plaintiff could challenge the
4  constitutionality of the state court rule in federal court;
5  however, he could not challenge the state court's decision as being
6  unconstitutional based on that rule.  Id. at 486; accord Rooker v.
7  Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Thus, under the
8  Rooker-Feldman doctrine, review of state court decisions may only
9  be conducted in the United States Supreme Court. See also,
10 Partington v. Gedan, 961 F.2d 852, 864 (9th Cir. 1992). "Lower
11 federal courts may not review such decisions." Id.
12      In the present case, Plaintiff initially pursued relief on his
13 claims in the Superior Court of Arizona in Maricopa County. The
14 Superior Court made a ruling on Plaintiff's case and dismissed the
15 matter with prejudice. Now, Plaintiff attempts to bring before this
16 Court the very same issues considered and denied by the Superior
17 Court. Plaintiff challenges the Superior Court's decision and seeks
18 a review of such ruling. Amend. Complt. (doc. 2) at 2.
19 Consequently, the Court holds that Plaintiff's case is barred by
20 the Rooker-Feldman doctrine since any ruling made by this Court
21 would be "inextricably intertwined" with the results of the
22 Superior Court proceeding. Feldman, 460 U.S. at 486. Such a finding
23 would purport to invalidate the Superior Court's ruling in this
24 case, and this Court has no jurisdiction to take such action.
25 Finding a lack of jurisdiction to consider this case, the Court
26 need not further analyze whether Plaintiff's claims are also barred
27 by the doctrine of *res judicata*.
28      Therefore,

1  IT IS ORDERED that Defendants' Motion to Dismiss (doc. 6) is
2 GRANTED.
3  IT IS FURTHER ORDERED that the clerk is directed to enter
4 judgment and terminate this action.
5  DATED this 6th day of December, 2005.

                            _____
                            Robert C. Broomfield
                            Senior United States District Judge

Copies to counsel of record and Plaintiff, pro se

-4-